IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| DEGLIN WERNER VASQUEZ MENDOZA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-02326 (AJT-LRV) |
| | ) | |
| JEFFREY CRAWFORD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner Deglin Werner Vasquez Mendoza's Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition").

Petitioner is citizen of Guatemala, who entered the United States without inspection on or around March 14, 2024. [Doc. No. 8-1] ¶¶ 5-6. On November 20, 2025, an Immigration Judge ordered Petitioner removed to Guatemala but granted him withholding of removal to Guatemala; he was released under an Order of Supervision on an unspecified date. *Id*. ¶¶ 10-12. On June 27, 2026, while appearing for a scheduled check-in at an Immigration and Customs Enforcement ("ICE") office pursuant to the terms of his OSUP, Petitioner was arrested and taken into civil immigration detention. *Id.* He remains detained at the Farmville Detention Center. *Id.* ¶ 15.

On August 7, 2026, in response to a Court order, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Benitez Pineda v. Noem,* 1:25-CV-02337-AJT WBP, Doc. No. 17 (E.D. Va. Mar. 2, 2026), or the other opinions of this Court cited therein. [Doc. No. 8]. In light of the foregoing, the Court determines, as it did in *Benitez Pineda*, that Petitioner's OSUP was revoked, *inter alia*, by an official not authorized to do so and without the requisite findings made in the notice of revocation

of release, in violation of the *Accardi* doctrine and his fifth amendment right of procedural due process. *See Accardi v. Shaughnessy,* 347 U.S. 260 (1954). His continued detention is therefore unlawful, and the Court has jurisdiction under 28 U.S.C. § 2241 to order his release.

For all the above reasons, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondents' revocation of Petitioner's OSUP is **VACATED**, and Respondents shall release Petitioner from detention immediately with all his personal possessions and restore him to his prior OSUP; and it is further

**ORDERED** that Respondents are **ENJOINED** from re-detaining the Petitioner based on a revocation of his Order of Supervision without first complying in all respects with the applicable regulations concerning the revocation of his Order of Supervision, as identified herein, including stating in the Notice the specific factual basis for any claim of "change in circumstances," and if the stated change in circumstances relates to a significant likelihood of removal in the reasonably foreseeable future, the factual basis for that claimed change, including what efforts have been made to locate a country for removal, the name of the country to which Petitioner will be removed and the authorizations received from that country for that removal.

All other claims and forms of relief requested in the Petition are denied without prejudice.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

Anthony J. Trenga
Senior U.S. District Judge

August 10, 2026
Alexandria, Virginia